UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-CR-00155 SRC ) |
| TONIA HADDIX, | ) ) |
| Defendant. | ) ) |

**UNITED STATES' RESPONSE TO
DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

COMES NOW the United States of America, by and through the Acting United States Attorney for the Eastern District of Missouri, Matthew T. Drake, and Assistant United States Attorney for said District, Hal Goldsmith, and for its Response to the Defendant's Objections to Presentence Investigation Report (ECF 28), states to this Honorable Court as follows:

1.      Defendant first objects to information contained within Paragraph 16 of the Disclosure Presentence Investigation Report (hereinafter referred to as "Disclosure PSR").  Specifically, Defendant objects to the inclusion of background information concerning the organization People for the Ethical Treatment of Animals (hereinafter referred to as "PETA"). It is the position of the United States that the information contained within Paragraph 16 is factually accurate, and Defendant does not actually challenge the accuracy of the referenced information.  Moreover, the Plea Agreement contains substantial information as to PETA's involvement and actions relative to the civil proceeding which underly the criminal charges here.  As such, the United States considers the background information contained in Paragraph 16 to be pertinent and helpful to this Court as it considers an appropriate sentence.

1

2.      Defendant next objects to information contained within Paragraphs 17 and 18 of the Disclosure PSR.  Specifically, Defendant objects to the inclusion of background information concerning the Missouri Primate Foundation (hereinafter referred to as "MPF") and its original owner, Connie Casey.  Initially, the United States notes that Paragraph 18 erroneously refers to the underlying civil proceeding as having been brought by PETA against MPF, when, in fact, the original civil complaint was filed by MPF against PETA on December 31, 2016.  PETA subsequently filed crossclaims against MPF and Casey on June 23, 2017.  Once Defendant took over MPF, PETA added Defendant as a counterclaim defendant in the underlying civil action on March 18, 2020.  Other than that error, it is again the position of the United States that the referenced information contained within Paragraphs 17 and 18 is factually accurate, and Defendant does not actually challenge the accuracy of the referenced information.  For similar reasons as stated above concerning the background information as to PETA, the referenced background information as to MPF, Casey and the civil proceeding underlying the criminal charges here is referenced in the Plea Agreement, although not with such specificity.   As such, the United States considers the background information contained in Paragraphs 17 and 18 to be pertinent and helpful to this Court as it considers an appropriate sentence.

3.      Defendant also objects to the inclusion in Paragraph 32 of the Disclosure PSR identifying PETA and its counsel as victims in this criminal case. The purpose of the instant prosecution was to hold Defendant accountable for her false statements and false representations made to the Court during the underlying civil proceeding. Through her guilty plea she has now acknowledged and admitted that those false statements and representations were intended to obstruct and interfere with the due administration of justice in that civil proceeding. Those offenses include: the filing of a false declaration where defendant falsely averred that Tonka was dead (count 1); the filing of

2

a false motion to dismiss where, again, defendant falsely averred that Tonka was dead (count 2); and, the making of a false sworn statement to the Court where, again, defendant falsely stated that Tonka was dead (count 3).  It is the position of the United States that the Court itself is the victim of the underlying criminal offenses here, as the impact of Defendant's charged criminal conduct was ultimately the interference with and obstruction of the due administration of justice in the underlying civil proceeding.  Setting aside any issue of threats alleged to have been made by Defendant to PETA's counsel, as the opposing party in the underlying civil proceeding PETA was also directly impacted by Defendant's criminal conduct which resulted in the adverse rulings by the Court and could be considered a victim as well.  While there is no way to know for sure, there is a strong possibility that, but for Defendant's false representations and declarations, the Court would have ruled in favor of PETA relative to its various motions to hold Defendant in civil contempt and, therefore, PETA could be considered a victim in that regard.

4.      Defendant next objects to Paragraph 33 of the Disclosure PSR's finding that Defendant obstructed justice by substantially interfering with the administration of justice in the underlying civil proceeding.  There should be no question here that Defendant did, in fact, substantially interfere with the due administration of justice through her criminal conduct in the underlying civil proceeding.  Defendant's entire motivation and goal was to do just that.  And she succeeded through convincing the Court on multiple occasions not to hold her in civil contempt based upon her false representations and declarations.  As Application Note 1 to U.S.S.G. Section 2J1.2 makes clear, "Substantial interference with the administration of justice includes…an indictment…based upon perjury, false testimony, or other false evidence…."  It is the position of the United States that through her criminal conduct charged here Defendant did substantial interfere with the administration of justice, as that term is defined under U.S.S.G. Section 2J1.2(b)(2).  U.S.S.G.

Section 3C1.1, as referenced by Defendant in her objection, would not also apply pursuant to Application Note 2 to U.S.S.G. Section 2J1.2.

5.     Defendant also objects to Paragraph 38 of the disclosure PSR which recommends applying the enhancement pursuant to U.S.S.G. Section 2J1.2(b)(1)(B) for threats made by Defendant during episode two of the HBO documentary "Chimp Crazy," which statements and actions were directed at counsel for PETA. The Disclosure PSR references those threats in Paragraph 25. It is the position of the United States that the information contained within Paragraph 25 is true and accurate, as Defendant did say those things during the documentary and Defendant did take the action concerning the voodoo doll during the documentary. Defendant does not raise an objection in that regard. In entering into the plea agreement in this case, the United States had no evidence to corroborate Defendant's statements as to her alleged threatening conduct which she described during the HBO documentary. The United States had no evidence that defendant Haddix actually made such alleged threats directly to a potential witness or counsel with the *specific intent* and in order to obstruct the due administration of justice, as required by the U.S.S.G. Section 2J1.2(b)(1)(B) enhancement. As this Court is well aware, Defendant displayed significant animosity to representatives of PETA and their attorneys during the civil proceedings in response to PETA's efforts to obtain an Order from the Court finding Defendant in contempt. That conduct was not directly related to the facts and circumstances underlying the instant charges, the perjury and obstruction pertinent to the false statements and representations made to the Court as to Tonka's purported death. Further, such an enhancement is intended to "…reflect the more serious forms of obstruction," as noted in the Background to Commentary of USSG §2J1.2(b)(1)(B). While the United States considers defendant Haddix's offense conduct here relative to the perjury and obstruction charges to be extremely serious, the United States did not

4

have proof that defendant Haddix's conduct, the statements made during the HBO documentary and detailed in paragraph 25, were intended to obstruct justice as is required under the enhancement. It is the position of the United States that such conduct should be considered by the Court under the 3553(a) factors when considering the history and characteristics of defendant.

6. Defendant objects to Paragraph 39 of the Disclosure PSR, which recommends an enhancement pursuant to U.S.S.G. Section 2J1.2(b)(2) as a result of Defendant's substantial interference with the administration of justice in the underlying civil proceeding. This enhancement is appropriate, as more fully discussed above at paragraph 4.

7. Defendant next objects to Paragraph 40 of the Disclosure PSR, which recommends an enhancement pursuant to U.S.S.G. Section 2J1.2(b)(3)(C) finding that Defendant's offense conduct was otherwise extensive in scope, planning, or preparations. The examples cited and detailed in paragraph 40, violating the Court's Order in the underlying civil procedure by moving Tonka and the failed attempt to pass off another dead chimpanzee's purported ashes as Tonka's, are serious. However, in entering into the plea agreement in this case, the United States did not consider those actions relevant and pertinent to the offenses charged here, perjury and obstruction of justice specifically as to the false declarations and statements directed to the Court during the civil proceeding. The false declarations and statements underlying the offenses charged here do not directly relate to the examples provided, which relate more to allegations of civil contempt relative to failure to comply with the Court's Orders, including not moving Tonka. Defendant is not charged with failing to comply with the Court's Orders, as the pertinent false declarations and statements were made by Defendant in an effort to obstruct the administration of justice by having the civil proceeding dismissed under false pretenses that Tonka was dead. As the Disclosure PSR duly notes at paragraph 24, Defendant's efforts at passing off a dead Chimpanzee's ashes as those

5

of Tonka "were quickly ruled as inconceivably not those of Tonka…." The United States did not believe that Defendant's actions in making the false declarations and representations before the District Court in order to obtain a dismissal of the civil case, the specific charges which she has plead guilty to here, supported application of the enhancement at issue. It is the position of the United States that the contemptuous conduct detailed in paragraph 40 of the Disclosure PSR, while not specifically related to or underlying the offense conduct charged here, should be considered by the Court under the 3553(a) factors when considering the history and characteristics of defendant.

8. Defendant objects to Paragraph 46 of the Disclosure PSR, in that Defendant asserts that she is eligible for the Zero-Point Offender downward adjustment, pursuant to U.S.S.G. Section 4C1.1(a). While the parties' plea agreement did consider this adjustment appropriate, should this Court determine that an enhancement pursuant to U.S.S.G. Section 2J1.2(b)(1)(B) applies, as recommended in Paragraph 38 of the Disclosure PSR, such an adjustment would not apply, pursuant to U.S.S.G. Section 4C1.1(a)(3).

9. Finally, Defendant objects to Paragraphs 47 and 91 of the Disclosure PSR relative to the recommendations as to Total Offense Level and potential Guideline sentence. The United States has addressed the guideline calculations, including objections to the various enhancements recommended in the Disclosure PSR above.

10. The United States previously conferred with the United States Probation Office, and counsel for Defendant, specifically relating to the U.S.S.G. enhancements and material sentencing factors at issue here.

Respectfully submitted,

MATHEW T. DRAKE
Acting United States Attorney

*s/Hal Goldsmith*
HAL GOLDSMITH, #32984MO
Assistant United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, Missouri  63102

## CERTIFICATE OF SERVICE

I certify that on July 1, 2025, a copy of the foregoing was filed in the ECF system.

*s/Hal Goldsmith*
HAL GOLDSMITH, #32984MO
Assistant United States Attorney